[No. 33337.   Department Two.   December 15, 1955.]

E. R. WOCKNER, *Appellant*, v. ALVIN T. KING *et al.*,
*Respondents.*[1]

*Yothers, Luckerath & Dore* and *William H. Mullen,* for
appellant.

*Rickles, Solomon & Hurwitz,* for respondents.

[1]Reported in 291 P. (2d) 649.

PER CURIAM.—Plaintiff commenced this action for judgment of three hundred thirty dollars, the unpaid balance on a promissory note, and for foreclosure of a chattel mortgage given to secure the note. The defendants' demurrer to the complaint was sustained, and a judgment of dismissal was entered. The plaintiff appeals.

■■ The Washington rule is that a complaint is not demurrable where facts substantially constituting a cause of action are alleged or are reasonably inferable from the language used. Allegations of ultimate facts and conclusions of law are good against a general demurrer. Objections to the form rather than the *substance* of the pleadings must be interposed by motion to make the averment more definite and certain. See *McHenry v. Short*, 29 Wn. (2d) 263, 186 P. (2d) 900.

■ The respondents contend the complaint does not state a cause of action, because it does not allege that appellant is the *holder* of the promissory note in question. The note, which is set out *in haec verba* in the complaint, designates the appellant as the payee. When the payee of a promissory note brings an action thereon, there is a reasonable inference that he is the holder thereof.

■ The respondents contend that because the last installment on the note was due June 25, 1954, the verification of the complaint on January 8, 1954, was fatally premature. We do not agree. From the face of the note, it appears that at least ten installments were past due at the time of the verification.

■ Respondents contend that the complaint fails to aver that the debt was due and owing to appellant, and that this defect is fatal to the statement of the cause of action. The promissory note recites, "FOR VALUE RECEIVED, I promise to pay," and the complaint alleges that "default has been made in the payment." This, by inference, is a sufficient allegation of the existence of the indebtedness sued upon.

While the judgment must, for the reasons indicated, be reversed, the court desires it to be known that it regards this appeal as an unjustifiable use of appellate judicial

process. Only a slight amendment of the complaint would have been required to conform to the erroneous ruling on the demurrer. This amendment could have been made by appellant without prejudice to himself. It follows that the appeal was wholly unnecessary.

The judgment is reversed. Costs on this appeal shall abide the result of the action.